United States Bankruptcy Court
Southern District of Texas

**ENTERED**

January 20, 2026

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 25-80614 |
| REDFISH PROPERTY | § | |
| HOLDINGS LLC, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 11 |

### MEMORANDUM OPINION AND ORDER DENYING U.S. BANK'S MOTION TO TRANSFER VENUE TO SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION (ECF NO. 5)

This matter comes before the Court on U.S. Bank Trustee National Association, in its capacity as Trustee of Greene Street Funding Trust II's (U.S. Bank's), motion to transfer venue from the Galveston Division to the Houston Division of the United States Bankruptcy Court for the Southern District of Texas.[1] Debtor, Redfish Property Holdings LLC, opposes U.S. Bank's motion.[2] For the reason's explained below, U.S. Bank's motion is denied.

## BACKGROUND

On December 1, 2025, Debtor filed a Chapter 11 petition in the Galveston Division of this Court.[3] The Debtor's business involves renting out thirty-three properties it owns located across Brazoria,

---

[1] ECF No. 5.
[2] ECF No. 8.
[3] ECF No. 1.

Chambers, Galveston, and Harris Counties.[4]   Debtor's Chapter 11 petition and its Texas Franchise Tax Public Information Report list a Houston address as its principal place of business.[5]

Debtor is registered as a Texas Limited Liability Company and its sole member, Linda Swarzman, resides in Encino, California.[6]  Ms. Swarzman has an ongoing Chapter 7 case before the United States Bankruptcy Court for the Central District of California, and any equity in Redfish's portfolio belongs to Ms. Swarzman's Chapter 7 estate.[7]  Debtor's sole manager, Ron Larson, who is Ms. Swarzman's son, testified that the Houston address listed as Debtor's principal place of business is a residential home in the Clear Lake area, and that he spends about half of his time living in and conducting his business at the Clear Lake residence and half of his time at two other addresses in Galveston.[8]

Eighteen of the Debtor's properties are in counties embraced by the Houston Division and fifteen of its properties are in counties embraced by the Galveston Division.[9]  However, 53% to 54.6% of the value of the Debtor's thirty-three properties (approximately $4 million to $5 million) is comprised of properties located in counties embraced by the Galveston Division.[10]

The Debtor previously filed two Chapter 11 cases in 2024 in the Houston Division of this Court which were assigned to the Honorable

---

[4] ECF No. 8.

[5] ECF Nos. 1, at 1; 19-34.

[6] ECF No. 19-34.

[7] ECF No. 8, at 4 (citing Bankr. C.D. Cal. Case No. 23-10270).

[8] ECF No. 40, at 11:30−12:00.

[9] ECF No. 8, at 10; *see also* 28 U.S.C. §§ 124(b)(1)−(2).

[10] *Id.* at 11.  The valuation range is due to differing sources of valuation, including (i) CoreLogic, (ii) Redfish's filings is a lawsuit proceeding in the District Court, and (iii) its schedules from its prior bankruptcy.  *Id.* at 7 nn.15−17.

Jeffrey P. Norman and dismissed.[11]  The Debtor's first case was filed under Chapter 11 Subchapter V of the Bankruptcy Code on May 6, 2024.[12]  Mr. Larson signed the first petition as Redfish's "Registered Manager."[13]  Debtor's first case was dismissed without prejudice because it did not obtain counsel and was not in good standing with the Texas Secretary of State at that time.[14]

Debtor later filed its second case under Chapter 11 of the Bankruptcy Code with the assistance of counsel on July 1, 2024.[15] Debtor's second petition was signed by Ms. Swarzman as the "Sole Member" of Redfish.[16]  The record in that case shows that the United States Trustee moved to dismiss Debtor's second case due to numerous documentary deficiencies.[17]  And Debtor's second case was dismissed with a bar to refiling for a period of 180 days by agreed order due on October 27, 2024.[18]

On December 4, 2025, in the current case, U.S. Bank moved to transfer venue from the Galveston Division to the Houston Division and requested that the undersigned reassign this case to Judge Norman.[19] Debtor filed its objection to U.S. Bank's motion[20] and U.S. Bank filed a reply.[21]  On January 7, 2026, the Court held a hearing on U.S. Bank's motion and took the matter under advisement.[22]

---

[11] *See* Case Nos. 24-32097, 24-33115.

[12] Case No. 24-32097, ECF No. 1.

[13] *Id.* at 4.

[14] *See* Case No. 24-32097, ECF Nos. 6, 14, 17.

[15] Case No. 24-33115, ECF No. 1.

[16] *Id.* at 4.

[17] Case No. 24-33115, ECF No. 33.

[18] Case No. 24-33115, ECF No. 36.

[19] ECF No. 5.

[20] ECF No. 8.

[21] ECF No. 10.

[22] ECF No. 36.

## JURISDICTION & VENUE

28 U.S.C. § 1334(a) provides the District Courts with jurisdiction over this proceeding. 28 U.S.C. § 157(b)(1) states that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." This proceeding has been referred to this Court under General Order 2012-6 (May 24, 2012). This Court has jurisdiction in this proceeding as it is a core proceeding which the Court can consider under 28 U.S.C. §§ 157(b)(2)(A) and (B). The Court has constitutional authority to enter final orders and judgments. *Stern v. Marshall*, 564 U.S. 462, 486–87 (2011). Venue is proper under 28 U.S.C. §§ 1408.

## LEGAL STANDARD

Section 1408 of Title 28 of the U.S. Code provides that "a case under title 11 may be commenced in the district court for the district . . . in which the . . . principal place of business in the United States, or principal assets in the United States, of the [debtor] have been located for the one hundred and eighty days immediately preceding such commencement." 28 U.S.C. § 1408(1). Under Bankruptcy Local Rule ("BLR") 1002-1(b), cases must be filed in the division of the debtor's "principal location." BLR 1002-1(d) defines the debtor's principal location as "the county of the debtor's principal executive offices or principal assets for the 180 days immediately preceding the filing of the petition."

Motions to transfer venue in proceedings under Title 11 are governed by 28 U.S.C. § 1412, not the general venue transfer statue, 28 U.S.C. § 1404. *Zachry Holdings, Inc. v. Omaha Pub. Power Dist.* (*In re Zachry Holdings, Inc.*), No. 24-90377, Adv. No. 25-3025, 2025 WL 3056951, at *2 (Bankr. S.D. Tex. Oct. 31, 2025) (Isgur, J.). Section 1412 provides that "[a] district court may transfer a case or proceeding under

title 11 *to a district court for another district*, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412 (emphasis added). Section 1412, unlike section 1404, does not mention "intra-district transfers" where a case is transferred between two divisions in the same district.[23] Similarly, the Bankruptcy Rules are silent regarding intradistrict transfers and provide only for transfers to another district—not another division. *See* FED. R. BANKR. P. 1014.

Due to the absence of guidance in section 1412 on intra-district transfers, bankruptcy courts have turned to their respective local rules. *Ries v. Ardinger* (*In re Adkins Supply, Inc.*), No. 11-10353, Adv. No. 14-01000, 2015 WL 1498856, at *4 (Bankr. N.D. Tex. Mar. 27, 2015). District courts have discretion to adopt local rules, and such local rules have the force of law. *Hollingsworth v. Perry*, 558 U.S. 183, 190−91 (2010). BLR 1014-1 is titled "Intradistrict Transfer," and provides that "[o]n motion of a party in interest or on its own motion, the judge may transfer a case, an adversary proceeding, or a contested proceeding to another judge or division in this district."

## DISCUSSION

U.S. Bank argues that this case should be transferred from the Galveston Division to the Houston Division for three reasons: (i) BLR 1002-1(b) requires this case to be filed in the Houston Division because Debtor's "principal location" is in Harris County; (ii) Debtor previously filed two bankruptcies in the Houston Division; and (iii) because Debtor and U.S. bank are involved in litigation pending before the Houston Division of the United States District Court for the Southern District of

---

[23] *Compare* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."), *with* 28 U.S.C. § 1412 ("A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.").

Texas.[24]  U.S. Bank also generally argues that the Debtor filing in the Galveston Division is part of a bad faith forum shopping tactic.[25]

Debtor opposes transfer and contends that its principal assets are located in Galveston County because a majority of the value of its real estate portfolio is made up of properties located in Galveston.[26]  Debtor also argues that transferring this case from Galveston to Houston would not be convenient for the parties or promote the interest of justice.[27]

## I. VENUE IS PROPER IN GALVESTON

Neither 28 U.S.C. § 1408 nor BLR 1001-2 required Debtor to file its Chapter 11 petition in Houston.  As noted above, a debtor may file either where it has its principal place of business in the United States or its principal assets.  28 U.S.C. § 1408(1).  The term "principal place of business" is not defined in the United States Code, however, in the context of diversity jurisdiction for corporations, the U.S. Supreme Court's decision in *Hertz Corp. v. Friend*, 559 U.S. 77, 92−93 (2010), defined "principal place of business" as "the place where a corporation's officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center."  The metaphor of a "nerve center" or "corporate brain" suggests a single location.  *Id.* at 95.

Here, Debtor is a Texas Limited Liability Company and Mr. Larson is its sole manager.[28]  Debtor's Houston address, however, is not a typical business headquarters, but rather is a residential property where Mr. Larson spends roughly half of his time both living and running the business.  However, given that Debtor listed the Houston address as its principal place of business both with this Court and the Texas Secretary of State, and that companies only have one "nerve

---

[24] *See* ECF No. 10; *see also* ECF No. 5.

[25] ECF No. 10, at 3.

[26] ECF No. 8, at 11.

[27] ECF No. 40, at 27:50−32:20.

[28] ECF No.19-34.

center," the Court holds that Debtor's principal place of business is in Houston.

At the same time, Debtor's principal assets are in Galveston. The term "principal assets" is similarly not defined in the statute or in the Bankruptcy Rules. In the words of Justice Rehnquist, "[t]he preeminent canon of statutory interpretation requires us to "presume that the legislature says in a statute what it means and means in a statute what it says there. Thus, our inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *BedRoc Ltd. v. United States*, 541 U.S. 176, 183 (2004) (citation modified). And "[o]rdinarily, a word's usage accords with its dictionary definition." *Yates v. United States*, 574 U.S. 528, 537 (2015).

Dictionaries define "principal" as "most important, consequential, influential, primary, or chief." *Principal*, BLACK'S LAW DICTIONARY (12 ed. 2024); *Principal*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/principal (last visited Jan. 16, 2026). For purposes of bankruptcy proceedings, a debtor's most "most important" or "consequential" assets are its most valuable assets because the purpose of Chapter 11 proceedings is preserving value for all stakeholders. *See, e.g.*, *Bank of Am. Nat'l Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). Here, looking at the value of the Debtor's assets, 53% to 54.6% of the value of its estate is located in the Galveston Division. Thus, because a majority of the Debtor's assets are in Galveston, Debtor's principal assets are in Galveston.

## II. TRANSFER TO HOUSTON IS NOT WARRANTED

U.S. Bank's other arguments regarding the Debtor's prior bankruptcies, ongoing litigation pending before the District Court, and allegations that Debtor is engaging in forum shopping essentially argue that transferring this case from the Galveston Division to the Houston Division is in the interest of justice. *See* 28 U.S.C. § 1412. U.S. Bank does not argue that transferring this case to Houston would be more

convenient for the parties.  Although the local rules freely permit *intradistrict* transfers in the Court's discretion, *see* BLR 1014-1, prudence warrants treating U.S. Bank's motion like a traditional motion to transfer venue and undertaking the typical analysis.  *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

When considering motions to transfer under section 1412, however, the movant need only demonstrate that the transfer is either in the interest of justice *or* for the convenience of the parties.  *In re Zachry Holdings, Inc.*, 2025 WL 3056951, at *2 (noting that section 1412 is disjunctive rather than conjunctive). And, as in a typical motion to transfer venue, the movant bears the burden of demonstrating that good cause exists for the transfer.  *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008); *see also In re Zachry Holdings, Inc.*, 2025 WL 3056951, at *2.  This burden reflects the appropriate deference afforded to a debtor's choice of venue.  *See id.*

Whether a transfer is in the "interest of justice" is typically determined by a consideration of public interest factors.  *In re Volkswagen*, 545 F.3d at 315.  These public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws.  *Id.*  However, these factors are not necessarily exhaustive or exclusive, nor is any of these factors afforded dispositive weight.  *Id.*

Here, none of the enumerated public interest factors are relevant because an intradistrict transfer from the Galveston Division to the Houston Division has no effect on court congestion, the local interest in the case, or choice of law issues.  Additionally, there is no binding authority in this Circuit to support that proposition that a debtor being party to litigation in one division of a court supports transferring its bankruptcy proceedings to that division.  Nevertheless, U.S. Bank's arguments about bad faith and forum shopping merit consideration.

While the Court acknowledges the Debtor's two prior filings in the Houston Division of this Court, it finds that this case was not filed in the Galveston Division as part of a bad faith forum shopping tactic. As noted above, the Debtor's two previous cases were uneventful and were dismissed on the Debtor's own accord before any substantial progress was made. U.S. Bank offers no authority to support its contention that Debtor's unsuccessful Chapter 11 proceedings in a proper venue bar them from trying again in another proper venue.

The Debtor, with the assistance of new counsel, determined that filing its Chapter 11 petition in Galveston would be the most convenient for it. Mr. Larson, Debtor's manager, testified that Debtor chose to file this case in Galveston because the many of its properties were located near or in Galveston and because many creditors and prospective purchasers are located in the Galveston area.[29] Mr. Larson also testified that it was "very difficult" for him to get to the Houston  Division Courthouse due to traffic, the parking situation near the court, and trouble with both his knees.[30]

The Court respects the Debtor's choice of venue in Galveston and holds that U.S. Bank has not demonstrated that good cause exists to transfer venue. U.S. Bank has offered no argument or evidence that transferring this case to Houston will make these proceedings more convenient for the parties. Nor has U.S. Bank demonstrated that a transfer to the Houston Division would serve the interest of justice. As noted above, venue is proper in both the Houston and Galveston Divisions, and the Court finds that the Debtor chose to file this case in Galveston for its own convenience, not for any bad faith forum shopping purpose. Thus, because no reason for the transfer exists, this case will remain in the Galveston Division.

---

[29] ECF No. 40, at 16:26−17:00.
[30] *Id.* at 17:15−17:35.

## CONCLUSION

For the reasons explained above, U.S. Bank's Motion to Transfer Venue to Southern District of Texas, Houston Division[31] is denied.

Signed: January 18, 2026

Alfredo R Pérez
United States Bankruptcy Judge

---

[31] ECF No. 5